IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:17 cv 00015

| | |
|---|---|
| STEPHEN KENNEDY, )<br>    Plaintiff, )<br> )<br>v. )<br> )                    **COMPLAINT**<br>ENT & AUDIOLOGY ASSOCIATES, )    **JURY TRIAL DEMANDED**<br>PLLC, )<br> )<br>    Defendant. ) | |

Plaintiff Stephen Kennedy alleges and states:

1. Plaintiff Stephen Kennedy is an independent photographer and resident of St. Louis County, Missouri.

2. Defendant ENT & Audiology Associates, PLLC. ("ENT"), is a professional limited liability corporation, incorporated in the State of North Carolina, with its principal place of business at 3820 Ed Drive, Raleigh, North Carolina, with its registered agent being Joseph H. Stallings, and with its registered office located at 5410 Trinity Road, Suite 210, Raleigh, North Carolina 27607.

3. On information and belief, Defendant ENT is engaged in the business of health care.

4. Stephen Kennedy brings this action to enforce his copyright associated with his photograph, which was duplicated and used without his permission by Defendant ENT and was then digitally manipulated and displayed on Defendant ENT's Facebook Business page and Twitter account as a false and misleading patient testimonial.

5. The court has general personal jurisdiction over Defendant ENT because Defendant ENT is a professional limited liability corporation incorporated in the State of North Carolina,

1

headquartered and with its principal place of business located in Raleigh, Wake County, North Carolina, and with its registered agent and its registered office in Raleigh, Wake County, North Carolina.

6. Venue for this lawsuit is proper in the Eastern District of North Carolina pursuant to Rule 14 of the Federal Rules of Civil Procedure, because Defendant ENT is a professional limited liability corporation incorporated in the State of North Carolina, headquartered and with its principal place of business located in Raleigh, Wake County, North Carolina, with its registered agent and its registered office in Raleigh, Wake County, North Carolina, and Defendant ENT is subject to general personal jurisdiction in the Eastern District, has the most significant contacts with this judicial district, and has its registered agent and registered office within this judicial district pursuant to 28 U.S.C. §1391(b)-(c) and pursuant to 28 U.S.C. §1400(a).

7. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §§1338(a)-(b), 1367(a), because the claims arise under the United States Copyright Act, 17 U.S.C. §101, *et seq.* and under the United States Digital Millennium Copyright Act, 17 U.S.C. §1201, *et seq*.

## COUNT 1
**(Copyright Infringement)**

8. For the allegations of Paragraph 8, Plaintiff Stephen Kennedy restates and incorporates by reference the allegations of Paragraphs 1-7.

9. Stephen Kennedy earns his living and supports his family as an independent photographer.

10. Stephen Kennedy creates photographs and licenses the same as part of his business.

11. Stephen Kennedy displays approximately 11,500 photographs available for license on his website with the internet address of "kennedystock.com".

2

Case 5:17-cv-00015-BO   Document 1   Filed 01/09/17   Page 2 of 7

12. On each page of Kennedy's website, a trademark graphic (yellow tag) is visible on the top of each page. A smaller version of that trademark graphic is visibly embedded onto each photograph as a watermark. This watermark serves as copyright management information.

13. On Kennedy's website, each of the approximately 11,500 photographs contains embedded metadata which identifies copyright ownership and authorship of Stephen Kennedy.

14. On each page of Kennedy's website, a conspicuous copyright notice is anchored to the lower left of each enlarged image. This copyright notice is formatted as "© Stephen Kennedy {year}. All Rights Reserved." This conspicuous copyright notice serves as copyright management information.

15. Stephen Kennedy is the author, copyright owner and copyright registrant of every photograph displayed on his website.

16. During 2016, Stephen Kennedy learned that Defendant ENT had stolen one of his photographs from his website. Defendant duplicated the photograph, digitally mutilated nearby copyright notices and removed the visible watermarks. In Defendant's process of duplicating the photograph, embedded metadata was altered. All of the steps taken by the Defendant had the result of stripping all visible means of identification of Stephen Kennedy as author and owner of the copyright. The Defendant's acts required computer skills and software for digital image manipulation. On information and belief, Defendant was aided in its infringements and wrongful acts by a Florida company called "LEVO."

17. Stephen Kennedy discovered that his photograph was prominently displayed on Defendant ENT's Facebook Business page and Twitter account as different cropped versions.

18. Attached to this Complaint and denoted Exhibit # 1 is a true and accurate copy of Kennedy's infringed photograph as displayed on Stephen Kennedy's website.

19. Attached to this Complaint and denoted Exhibit #2 is a true and accurate copy of Kennedy's infringed photograph as displayed on Defendant's Facebook Business page and Twitter account.

20. The photograph copied, stolen, used, and displayed by Defendant were registered by Stephen Kennedy for copyright with the Copyright Office of the United States in 2010. A true and accurate copy of Stephen Kennedy's Copyright Certificate of Registration for the infringed photograph at issue is denoted "Exhibit #3" and is attached to this Complaint.

21. Stephen Kennedy is the sole owner of the copyright of the photograph stolen and altered by Defendant.

22. Stephen Kennedy's copyright in the infringed photograph is valid and enforceable.

23. Defendant's infringements were willful.

24. Defendant did not have permission or a license to use this photograph or any other of Stephen Kennedy's photographs.

25. Defendant's wrongful acts constitute a violation of 17 U.S.C. §501.

26. Plaintiff Stephen Kennedy is entitled to and elects to recover statutory damages from Defendant.

27. Plaintiff Stephen Kennedy has incurred and will continue to incur legal fees and costs in prosecuting this claim.

28. All conditions precedent to Plaintiff Stephen Kennedy bringing and prevailing on this claim have been satisfied.

**WHEREFORE**, Plaintiff Stephen Kennedy respectfully asks this District Court to enter judgment for him and against Defendant ENT for statutory damages of $150,000.00 for Defendant's infringement on Facebook and $150,000.00 for Defendant's infringement on

Twitter, or such lesser amount as found proper by the District Court, for prejudgment interest, for reasonable attorneys' fees and costs incurred by Stephen Kennedy in prosecuting this action, and for any other relief deemed just.

## COUNT 2
**(Digital Millennium Copyright Act Violation)**

29. For the allegations of Paragraph 29, Plaintiff Stephen Kennedy restates and incorporates by reference the allegations of Paragraphs 1-28.

30. Plaintiff Stephen Kennedy's use of metadata, application of watermarks on each photograph, and placement of conspicuous copyright notices anchored to each photograph are all security measures to deter and avoid copyright infringement and protect Stephen Kennedy's copyrights from duplication, theft or unauthorized use.

31. Defendant ENT's removal of Stephen Kennedy's copyright protecting watermarks, duplicating the photograph without the attached copyright notices and modifying the metadata from Stephen Kennedy's photograph, each constitute violations of the Digital Millennium Copyright Act. *See* 17 U.S.C. §1201 & §1203. On information and belief, Defendant was aided in its infringements and wrongful acts by a Florida company called "LEVO."

32. Defendant's wrongful acts and violations of the Digital Millennium Copyright Act were willful.

33. All conditions precedent to Stephen Kennedy bringing and prevailing on this claim have been satisfied.

**WHEREFORE**, Plaintiff Stephen Kennedy respectfully asks this Court to enter judgment for him and against Defendant ENT for statutory damages of $25,000.00 for removing the watermark, plus $25,000.00 for removing the adjoining copyright notice, plus $25,000.00 for

altering and removing the metadata for the photograph stolen and used by Defendant, or such lesser amount as found proper by the District Court, for prejudgment interest, for reasonable attorney fees and costs incurred by Stephen Kennedy in prosecuting this action, and for any other relief deemed just.

## COUNT 3
### (Second Digital Millennium Copyright Act Violation)

34. For the allegations of Paragraph 34, Plaintiff Stephen Kennedy restates and incorporates by reference the allegations of Paragraphs 1-33.

35. Plaintiff Stephen Kennedy's use of metadata, application of watermarks on each photograph, and placement of conspicuous copyright notices anchored to each photograph are each copyright management information and are all security measures to deter and avoid copyright infringement and protect Stephen Kennedy's copyrights from duplication, theft or unauthorized use.

36. Defendant ENT's removal of Stephen Kennedy's copyright protecting watermarks, duplicating the photograph without the attached copyright notices and modifying the metadata from Stephen Kennedy's photograph, and then displaying and distributing the photograph on webpages on the internet are each violations of the Digital Millennium Copyright Act. *See* 17 U.S.C. §1201, §1202 & §1203. On information and belief, Defendant was aided in its infringements and wrongful acts by a Florida company called "LEVO."

37. Defendant's wrongful acts and violations of the Digital Millennium Copyright Act were willful.

38. All conditions precedent to Stephen Kennedy bringing and prevailing on this claim have been satisfied.

**WHEREFORE**, Plaintiff Stephen Kennedy respectfully asks this Court to enter judgment for him and against Defendant ENT & Audiology Associates, PLLC, for statutory damages of $25,000.00 for the photograph stolen and used by Defendant, or such lesser amount as found proper by the District Court, for prejudgment interest, for reasonable attorneys' fees and costs incurred in prosecuting this action, and for any other relief deemed just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Stephen Kennedy demands a trial by jury of all issues that may be so tried.

This the 9th day of January, 2017.

Respectfully submitted,

SCHULTZ & ASSOCIATES LLP

By: /s/ Robert Schultz
Robert Schultz, #35329MO
Ronald J. Eisenberg, #48674MO
640 Cepi Drive, Suite A
Chesterfield, MO  63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com
*Attorneys for Plaintiff*


CRANFILL SUMNER & HARTZOG LLP

/s/ F. Marshall Wall
F. Marshall Wall
N.C. State Bar No. 26804
P.O. Box 27808
Raleigh, North Carolina  27611-7808
(919) 828-5100
Fax:  (919) 828-2277
mwall@cshlaw.com
*Attorneys for Plaintiff*
Local Civil Rule 83.1 Counsel